# IN THE COURT OF APPEALS OF IOWA

No. 24-0319
Filed April 10, 2024

**IN THE INTEREST OF L.A.,**
**Minor Child,**

**K.S., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Clarke County, Monty Franklin, Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Amanda Demichelis of Demichelis Law Firm, P.C., Chariton, for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Chira L. Corwin of Corwin Law Firm, Des Moines, attorney and guardian ad litem for minor child.

Considered by Greer, P.J., Chicchelly, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

A mother appeals the termination of her parental rights to her child. She contends there is insufficient evidence establishing the statutory grounds for termination. She also contends termination is not required under Iowa Code section 232.116(3) (2023). We review her claims de novo. *See In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).

The child was born in August 2022 and came to the attention of the Iowa Department of Health and Human Services (HHS) in January 2023. The were concerns that the mother was neglecting to meet the child's medical needs,[1] and the mother admitted using methamphetamine. The child was placed in the care of relatives as part of a safety plan, and the State petitioned to adjudicate the child as a child in need of assistance (CINA). The juvenile court granted the petition in March 2023 and placed the child in the legal custody of the HHS, which continued the relative placement.

Throughout the CINA proceedings, the mother was enrolled in outpatient substance-abuse and mental-health treatment, but her attendance at scheduled

---

[1] The child was born with a ventricular septal defect—a hole in the wall that separates the chambers of the heart. The condition can stress the lungs and increase the risk of respiratory infections. The child contracted RSV and COVID-19 in late November 2022 and was diagnosed with RSV again in early January 2023. On January 8, the child was admitted to critical care with pneumonia. Within the hour, she was flown to Blank Children's Hospital because her oxygen level dropped dangerously low, and she remained hospitalized for ten days. The child was prescribed a medication when she was discharged on January 19. The mother had not picked up the medication by January 21, when she brought the child to the emergency room for care. As a result, the HHS issued a founded report of denial of critical care against the mother.

appointments was described as sporadic.[2] The mother tested positive for methamphetamine in September 2023 but claimed it resulted from using a friend's vape pen without knowing it contained the drug. She failed to provide a sample for drug testing when the HHS requested one in January 2024. There were concerns about domestic violence in the home.

In December 2023, the State petitioned to terminate the mother's parental rights. The mother did not attend the February 2024 termination hearing. At the hearing, the social work case manager testified that the mother made "hardly any progress" during the CINA proceedings to allow for the child's safe return to her custody and the situation was "pretty similar" to when the State petitioned for the CINA adjudication. Both the HHS and the guardian ad litem recommended terminating the mother's parental rights.

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (h). The mother challenges both grounds, but we may affirm if the record supports termination under either. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). To terminate parental rights under section 232.116(1)(h), the evidence must show:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

---

[2] Between February and November 2023, the mother attended nineteen out of thirty-seven scheduled appointments; she cancelled ten and failed to show for eight.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother only disputes the sufficiency of the evidence showing the fourth element: that the child could not be returned to her care at the time of the termination hearing because doing so would expose the child to any harm amounting to a new CINA adjudication. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (stating that a child cannot be returned to a parent's custody as provided in section 232.102 if doing so would expose the child to any harm amounting to a new CINA adjudication).

Clear and convincing evidence shows the child could not be returned to the mother's custody at the time of the termination hearing. The department changed its permanency recommendation to termination of parental rights because the mother made little to no progress in addressing the concerns that led to the CINA adjudication. As the social work case manager testified, the mother remained in a similar situation to the one she was in at the time of the adjudication. As a result, her visits with the child remained fully supervised. Because the concerns that existed at the time of the CINA adjudication persisted at the time of the termination hearing, returning the child to the mother's custody would expose the child to the type of harm that would result in a CINA adjudication.

The mother also contends termination is unnecessary under section 232.116(3), which provides that the court "need not terminate the relationship between the parent and child" in some cases. The mother seeks to

avoid termination under section 232.116(3)(a), which applies when "[a] relative has legal custody of the child," and 232.116(3)(c), which applies when "[t]here is clear and convincing evidence that the termination would be detrimental to the child due to the closeness of the parent-child relationship."

The termination order states that "[r]elatives of the child in interest do not have legal custody of the child." The record supports this finding; although the child was placed in the care of relatives, the court gave legal custody to the HHS. Section 232.116(3)(a) does not apply. *See In re A.M.*, 843 N.W.2d 100, 112-13 (Iowa 2014) (noting that section 232.116(3)(a) did not apply because although the child was in a pre-adoptive placement with relatives, the child was not in their legal custody).

The mother presented no evidence of the bond she has with the child. The juvenile court found "[t]he bond between the child and the child's parents is described as: minimal to nonexistent due to the length of the removal and lack of significant, regular contact." The court concluded "[a]ny potential problems that may be caused by termination of their parental rights will be far outweighed by the stability, certainty, and permanency that termination will provide for [the child]." We agree. The court properly declined to apply the parental bond exception.

Because the State proved the grounds for termination under Iowa Code section 232.116(1)(h), the exception under section 232.116(3)(a) does not apply, and the mother has not proved by clear and convincing evidence that the exception under section 232.116(3)(c) applies, we affirm the termination of the mother's parental rights.

**AFFIRMED.**